# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **COUNTY OF JIM HOGG** | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:19-cv-02816 |
| **PURUE PHARMA, L.P., et al** | § |
| | § |
| Defendants. | § |

## PLAINTIFF JIM HOGG COUNTY'S MOTION TO REMAND

Plaintiff, COUNTY OF JIM HOGG, Texas, pursuant to 28 U.S.C. Section 1447, moves to remand this matter to the 152d Judicial District Court of Harris County, Texas, *In Re: Texas Opioid Litigation*, and asserts:

1. Jim Hogg County, Texas, ("the County") filed suit against 24 Defendants responsible for the epidemic of opioid abuse, crippling addiction, and overdoses that have caused damages to the County. *See* Jim Hogg County's Original Petition in *Jim Hogg County v. Purdue Pharma LP, et al.*, No. DC-C-201800848 (18th J.D. Court, Texas), filed in this record at Document 1-2, Pages 6-76 ("Petition").

2. On July 31, 2019, Jim Hogg County received notice that Defendants CVS Pharmacy, Inc. ("CVS") removed the County's case to federal court. *See* Notice of Removal (Doc. 1). A

1

recent Southern District order granted remand of a removal that had been based on the grounds asserted by Defendant in this matter. *Johnson County v. Purdue Pharma, L.P.,* No. 19-cv-01637 (DKT 50) (S.D. Tex. July 24, 2019) (The order is Exhibit A to Plaintiff's Memorandum Supporting the Motion to Remand.)

3. Plaintiff instituted an action in state court raising purely state law causes of action for damages sustained and expenses incurred by the County as a result Defendants' acts in causing the opioid crisis, and this action was not filed under any federal or state class action rule. *See* Pl.'s Original Pet. [Doc. 1-2, Pages 6-76] ("Petition"). The Petition alleges causes of action under Texas state law only: Public nuisance; Common law fraud; Negligence; Gross negligence; Texas Controlled Substances Act; Unjust enrichment; Civil conspiracy. *See id*. at pp. 62-74. Defendants removed this case, alleging federal jurisdiction on the basis of the Class Action Fairness Act (CAFA). While appearing to rely on CAFA alone, Defendants primary argument—that a case of this importance and scope belongs in federal court—reads like an attempt to invoke federal question jurisdiction. Defendants have no reasonable basis to support either CAFA or federal question as a ground of removal.

4. Federal question jurisdiction is not established, because no claim in this petition arises under the Constitution, laws, or treaties of the United States. The Petition expressly states it makes no claim based on any federal law.

> Your plaintiff bases its claims in this lawsuit on Texas state law, not federal law. Plaintiff expressly notes that the federal Food, Drug, and Cosmetic Act and Controlled Substances Act do not provide a private right of action, and no claims in this lawsuit are based upon federal law. Therefore, federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not invoked by this pleading because nowhere herein does Plaintiff plead any cause of action or request any remedy that arises under federal law.

Petition (Doc. 1-2, page 70, fn. 41).

5. Federal jurisdiction under CAFA is not established. This case is not filed under any or federal class action statute or rule. No statement in the Petition claims, suggests, or infers, that this case could proceed as a class action under any class action statute or rule. The Petition does not define any class; does not cite any class action rule or statute; does not plead that the County is a class representative at all, much less an adequate one; does not plead any other requirements of any known state or federal class action provision (e.g., numerosity, commonality, adequacy, limited fund); does not identify what type of class could exist (e.g., opt-out or non-opt-out); and, does not request class certification. *See* Petition (Doc. 1-2, pages 6-76)

6. The removal is groundless. The County's Petition is not a "class action" for purposes of CAFA jurisdiction. Nor does the Petition allege a claim that arises under the Constitution, laws, or treaties of the United States.

WHEREFORE, Plaintiff Jim Hogg County respectfully requests that the Court GRANT this motion to remand, order that this case be remanded to the 152d Judicial District Court of Harris County, Texas, *In Re: Texas Opioid Litigation*, for further proceedings, and order that a certified copy of the order of remand be mailed by the United States Clerk to the Clerk of the Texas Court.

Date: August 20, 2019

Respectfully submitted,

THE SNAPKA LAW FIRM

/s/ *Kathryn Snapka*
Kathryn Snapka
**Attorney in Charge**
State Bar No. 18781200
Federal ID No. 1617
ksnapka@snapkalaw.com
606 N. Carancahua, Suite 1511
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545

Armando G. Barrera
The Barrera Law Firm
700 E. 2nd St.
Alice, Texas 78332
armandogbarrera@gmail.com
Telephone: (361) 664-2224

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on August 20, 2019, a true and correct copy of the foregoing was served on all counsel of record via electronically in accordance with the Federal Rules of Civil Procedure as follows:

**Mark E. Torian**
BRADLEY ARANT BOULT CUMMINGS LLP
1201 Elm Street, Suite 4400
Dallas, TX 75270
Phone: 214-939-8718
Fax: 214-939-8787
Email: mtorian@bradley.com

**Conor B. O'Croinin**
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Phone:  410-949-1160
Email:  cocroinin@zuckerman.com
ATTORNEYS FOR DEFENDANT CVS Pharmacy, Inc.  ("CVS")


/s/ *Kathryn Snapka*
Kathryn Snapka
**ATTORNEY FOR PLAINTIFF**